BLANK ROME LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY  10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PACIFIC FOREST SHIPPING LTD., <br><br> Plaintiff, <br><br> v. <br><br> THOR SHIPPING A/S DENMARK, <br><br> Defendant. | 08 Civ. <br><br> **VERIFIED COMPLAINT** |

Plaintiff PACIFIC FOREST SHIPPING LTD. ("Plaintiff"), by its attorneys Blank Rome LLP, complaining of the above-named Defendant THOR SHIPPING A/S DENMARK ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  The Court has subject matter jurisdiction.

2. At all material times, Plaintiff was and now is a foreign company organized and existing under the laws of New Zealand.

3. At all material times, Defendant was and now is a corporation organized and existing under the laws of Denmark.

## THE BASIC FACTS

4. Plaintiff chartered the vessel, M/V Southern Pearl (the "Vessel") from Defendant under a contract of charterparty dated on or about May 26, 2008 (the "Charter") for the carriage of cargo.

5. Defendant in breach of the terms of the Charter, failed to comply with Plaintiff's voyage orders and refused to load the vessel.

6. Plaintiff placed Defendant on notice of its breach of Charter.

7. The Charter provides for London arbitration and Plaintiff has appointed a London arbitrator.

8. The Charter is subject to English law and London arbitration. This action is expressly filed without prejudice to that right of arbitration.

## COUNT I

## RULE B RELIEF

9. Plaintiff repeats paragraphs 1 through 8 as if fully set forth herein.

10. Plaintiff seeks issuance of process of maritime attachment so that it may obtain security for its claims including its English attorneys' fees and arbitrators' fees which are routinely awarded in London arbitration and no security for Plaintiff's claim has been posted by Defendant or anyone acting on its behalf to date.

11. At best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

    A. Principal claim:
        (1) Replacement Tonnage:   $440,000
        (2) Storage Costs:   $25,000

|  |  |  |
|---|---|---|
|  | (3) Loss of product and deterioration costs: | $100,00 |
|  | (4) Loss of Market delay costs: | $50,000 |
|  | **TOTAL**: | $615,000 |
| B. | Interest on Principal claim (at 8% p.a. over 3 years): | $147,600 |
| C. | Arbitrator's costs and recover fees in the London arbitration: | $150,000 |
|  | **TOTAL**: | $912,600 |

12. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but is believed to have, or will have during the pendency of this action, assets in this jurisdiction.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.  That since Defendant cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Defendant up to the amount of $912,600 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.  That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof.

      D.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       June 23, 2008

                            Respectfully submitted,
                            BLANK ROME LLP
                            Attorneys for Plaintiff

                            By _____
                            Jeremy J.O. Harwood (JH 9012)
                            405 Lexington Avenue
                            New York, NY 10174
                            Tel.: (212) 885-5000

## VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

Jeremy J.O. Harwood, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiff.

*[signature]*
Jeremy J.O. Harwood

Sworn to before me this
23rd day of June, 2008

_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__

BLANK ROME LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PACIFIC FOREST SHIPPING LTD.,

        Plaintiff,

    v.

THOR SHIPPING A/S DENMARK,

        Defendant.

08 Civ.

**AFFIDAVIT UNDER**
**SUPPLEMENTAL RULE B**

---

STATE OF NEW YORK   )
                            : ss.:
COUNTY OF NEW YORK  )

    JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant THOR SHIPPING A/S DENMARK, as Owner of the M/V SOUTHERN PEARL, a company organized and existing under the laws of Denmark, pursuant to Rule

900200.00001/6648431v.1

B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. The defendant is not incorporated or registered to do business in this State.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, Transportation Tickler (2008 edition), telephone assistance in New York City, and the internet Yellow Pages.

4. In our search, we did not find any listing or reference to defendant in this district or state.

5. In the circumstances, I believe the defendants cannot be "found" within this district.

_____
Jeremy J.O. Harwood

Sworn to before me this
23rd day of June, 2008
_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__

2

900200.00001/6648431v.1